## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| SHAREEF JANDALI PLASTIC SURGERY, LLC | Civil Action No.: |
| Plaintiff, | |
| -against- | **COMPLAINT** |
| ANTHEM BLUE CROSS BLUE SHIELD | |
| Defendant. | |

Plaintiff Shareef Jandali Plastic Surgery, LLC ("Plaintiff"), by and through its attorneys, Merin Law, LLC, by way of Complaint against Anthem Blue Cross Blue Shield ("Defendant"), alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff is a medical provider with a principal place of business at 5520 Park Avenue, Trumbull, CT 06611.

2.      Upon information and belief, Defendant is engaged in providing and/or administering health care plans or policies in the state of Connecticut.

3.      This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law, specifically the No Surprises Act ("NSA"), 42 U.S.C. § 300gg-111 *et seq.*, which governs the Independent Dispute Resolution ("IDR") process for certain out-of-network billing disputes including those at issue here, as well the Federal Arbitration Act ("FAA"), 9 U.S.C §9 *et seq*.

4.      Venue is proper in the United States District Court for the District of Connecticut, pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to this action occurred within the district.

1

## FACTUAL BACKGROUND

5.      Plaintiff is a medical practice specializing in plastic surgery.

**PATIENT G.F., DISP-1702427**

6.      On January 27, 2022, Dr. Shareef Jandali, MD, owner and principal of Plaintiff, provided medical treatment for a patient, identified as G.F. ("Patient G.F.") at Yale New Haven Health Bridgeport Hospital in Bridgeport, CT.

7.      At the time of treatment, Patient G.F. was the beneficiary of a health plan issued and/or administrated by Defendant.

8.      After treating Patient G.F., Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current Procedural Terminology ("CPT") code 19380-RT in the amount of $31,500.00.

9.      In response to Plaintiff's HCFA, Defendant allowed payment of $758.79.

10.      As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

11.      However, since the services were rendered emergently/inadvertently, Patient G.F.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

12.      Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

13.     In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed payment determination of $758.79.

14.     Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

15.     Plaintiff initiated such arbitration as called for by the NSA.

16.     On December 13, 2024, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-1702427, awarding Plaintiff a total of $31,500.00, which is $30,741.21 above the allowed payment amount. *See* **Exhibit A**, attached hereto.

17.     Pursuant to the NSA, the determination of the arbitration award under DISP-1702427 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

18.     Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

19.     However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was January 12, 2025.

20.     As of the date of this Complaint, more than 272 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

21.     For DISP-1702427, Defendant has failed to pay $30,741.21 which is currently due and owing.

**PATIENT G.F.: DISP-1702430**

22.     Additionally, on January 27, 2022, Dr. Shareef Jandali, M.D., owner and principal

of the Plaintiff, provided medical treatment for Patient G.F. at Yale New Haven Health

Bridgeport Hospital in Bridgeport, CT.

23.     At the time of treatment, Patient G.F. was the beneficiary of a health plan issued

and/or administrated by Defendant.

24.     After treating Patient G.F., Plaintiff submitted a Health Insurance Claim Form

("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current

Procedural Terminology ("CPT") code 14001-LT in the amount of $17,000.00.

25.     In response to Plaintiff's HCFA, Defendant allowed payment of $282.83.

26.     As an out-of-network provider, Plaintiff does not have a network contract that

would determine or limit payment for Plaintiff's services to Defendant's members.

27.     However, since the services were rendered emergently/inadvertently, Patient G.F.'s

out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. §

300gg-111 *et seq*.

28.     Pursuant to the NSA, an out-of-network provider reserves the right to dispute a

health plan's reimbursement for qualifying out-of-network services and initiate a 30-day

negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

29.     In this case, Plaintiff disputed Defendant's payment determination and initiated the

negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed

payment determination of $282.83.

30.     Pursuant to the NSA, if the payment dispute between the provider and insurer is not

resolved during the negotiation period, the provider has the right to initiate arbitration under which

the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

31.     Plaintiff initiated such arbitration as called for by the NSA.

32.     On April 11, 2025, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-1702430, awarding Plaintiff a total of $8,500.00, which is $8,217.17 above the allowed payment amount. *See* **Exhibit B**, attached hereto.

33.     Pursuant to the NSA, the determination of the arbitration award under DISP-1702430 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

34.     Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

35.     However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was May 11, 2025.

36.     As of the date of this Complaint, more than 153 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

37.     For DISP-1702430, Defendant has failed to pay $8,217.17 which is currently due and owing.

**PATIENT G.A.: DISP-2888432**

38.     On November 22, 2024, Dr. Shareef Jandali, MD, owner and principal of the Plaintiff, provided medical treatment for a patient, identified as G.A. ("Patient G.A.") at Yale New Haven Health Bridgeport Hospital in Bridgeport, Connecticut.

39.     At the time of treatment, Patient G.A. was the beneficiary of a health plan issued and/or administered by Defendant.

40.    After treating Patient G.A., Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current Procedural Terminology ("CPT") code 19120 in the amount of $7,300.00.

41.    In response to Plaintiff's HCFA, Defendant allowed payment of $471.84.

42.    As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

43.    However, since the services were rendered emergently/inadvertently, Patient G.A.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

44.    Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

45.    In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed payment determination of $471.84.

46.    Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

47.    Plaintiff initiated such arbitration as called for by the NSA.

48.    On May 30, 2025, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-2888432, awarding Plaintiff a total of $7,145.00, which is $6,673.16 above the allowed payment amount. *See* **Exhibit C**, attached hereto.

49.     Pursuant to the NSA, the determination of the arbitration award under DISP-2888432 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

50.     Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

51.     However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was June 30, 2025.

52.     As of the date of this Complaint, more than 103 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

53.     For DISP-2888432, Defendant has failed to pay $6,673.16 which is currently due and owing.

**PATIENT T.M.: DISP-2798798**

54.      On November 15, 2024, Jennifer Zapatka, PA, employee of Plaintiff, provided medical treatment for a patient, identified as T.M. ("Patient T.M.") at Yale New Haven Health Bridgeport Hospital in Bridgeport, CT.

55.     At the time of treatment, Patient T.M. was the beneficiary of a health plan issued and/or administrated by Defendant.

56.     After treating Patient T.M., Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current Procedural Terminology ("CPT") code 14301 in the amount of $32,000.00.

57.     In response to Plaintiff's HCFA, Defendant allowed payment of $131.35.

58.     As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

59.     However, since the services were rendered emergently/inadvertently, Patient T.M.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

60.     Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

61.     In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed payment determination of $131.35.

62.     Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

63.     Plaintiff initiated such arbitration as called for by the NSA.

64.     On December 11, 2024, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-2798798, awarding Plaintiff a total of $32,000.00, which is $31,868.65 above the allowed payment amount. *See* **Exhibit D**, attached hereto.

65.     Pursuant to the NSA, the determination of the arbitration award under DISP-2798798 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

66.     Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

67.    However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was June 15, 2025.

68.    As of the date of this Complaint, more than 123 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

69.    For DISP-2798798, Defendant has failed to pay $31,868.65 which is currently due and owing.

**PATIENT T.M.: DISP-2798799**

70.    Additionally, on November 15, 2024, Jennifer Zapatka, PA, employee of Plaintiff, provided medical treatment for a patient identified as Patient T.M. at Yale New Haven Health Bridgeport Hospital in Bridgeport, CT.

71.    At the time of treatment, Patient T.M. was the beneficiary of a health plan issued and/or administered by Defendant.

72.    After treating Patient T.M., Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current Procedural Terminology ("CPT") code 14302 in the amount of $32,000.00.

73.    In response to Plaintiff's HCFA, Defendant allowed payment of $64.33.

74.    As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

75.    However, since the services were rendered emergently/inadvertently, Patient T.M.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

76.     Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

77.     In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed payment determination of $64.33.

78.     Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

79.     Plaintiff initiated such arbitration as called for by the NSA.

80.     On May 23, 2025, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-2798799, awarding Plaintiff a total of $32,000.00, which is $31,935.67 above the allowed payment amount. *See* **Exhibit E,** attached hereto.

81.     Pursuant to the NSA, the determination of the arbitration award under DISP-2798799 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

82.     Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

83.     However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was June 22, 2025.

84.     As of the date of this Complaint, more than 116 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

85.     For DISP-2798799, Defendant has failed to pay $31,935.67 which is currently due and owing.

**PATIENT T.M.: DISP-2798801**

86.     Additionally, on November 15, 2024, Jennifer Zapatka, PA, employee of Plaintiff, provided medical treatment for a patient, identified as Patient T.M. at Yale New Haven Health Bridgeport Hospital in Bridgeport, CT.

87.     At the time of treatment, Patient T.M. was the beneficiary of a health plan issued and/or administrated by Defendant.

88.     After treating Patient T.M., Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current Procedural Terminology ("CPT") code 11772 in the amount of $19,000.00.

89.     In response to Plaintiff's HCFA, Defendant allowed payment of $0.00.

90.     As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

91.     However, since the services were rendered emergently/inadvertently, Patient T.M.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

92.     Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

93.     In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed payment determination of $0.00.

94.     Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

95.     Plaintiff initiated such arbitration as called for by the NSA.

96.     On May 29, 2025, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-2798801, awarding Plaintiff a total of $11,384.93.00. *See* **Exhibit F**, attached hereto.

97.     Pursuant to the NSA, the determination of the arbitration award under DISP-2798801 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

98.     Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

99.     However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was June 28, 2025.

100.    As of the date of this Complaint, more than 96 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

101.    For DISP-2798801, Defendant has failed to pay $11,384.93 which is currently due and owing.

**PATIENT T.M.: DISP-2798986**

102.    Additionally, on November 15, 2024, Dr. Shareef Jandali, MD, owner and principal of Plaintiff, provided medical treatment for a patient identified as Patient T.M. at Yale New Haven Health Bridgeport Hospital in Bridgeport, CT.

103.    At the time of treatment, Patient T.M. was the beneficiary of a health plan issued and/or administrated by Defendant.

104.    After treating Patient T.M., Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current Procedural Terminology ("CPT") code 14301 in the amount of $32,000.00.

105.    In response to Plaintiff's HCFA, Defendant allowed payment of $965.82.

106.    As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

107.    However, since the services were rendered emergently/inadvertently, Patient T.M.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

108.    Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

109.    In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed payment determination of $965.82.

110.    Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

111.    Plaintiff initiated such arbitration as called for by the NSA.

112.    On May 22, 2025, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-2798986, awarding Plaintiff a total of $32,000.00, which is $31,034.18 above the allowed amount. *See* **Exhibit G**, attached hereto.

113.    Pursuant to the NSA, the determination of the arbitration award under DISP-2798986 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

114.    Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

115.    However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was June 21, 2025.

116.    As of the date of this Complaint, more than 117 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

117.    For DISP-2798986, Defendant has failed to pay $31,034.18 which is currently due and owing.

**PATIENT T.M.: DISP-2798987**

118.    Additionally, on November 15, 2024, Dr. Shareef Jandali, MD, owner and principal of Plaintiff, provided medical treatment for a patient identified as Patient T.M. at Yale New Haven Health Bridgeport Hospital in Bridgeport, CT.

119.    At the time of treatment, Patient T.M. was the beneficiary of a health plan issued and/or administrated by Defendant.

120.    After treating Patient T.M., Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current Procedural Terminology ("CPT") code 14301 in the amount of $32,000.00.

121.    In response to Plaintiff's HCFA, Defendant allowed payment of $473.00.

122.    As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

123.    However, since the services were rendered emergently/inadvertently, Patient T.M.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

124.    In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed payment determination of $473.00.

125.    Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

126.    Plaintiff initiated such arbitration as called for by the NSA.

127.    On May 22, 2025, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-2798987, awarding Plaintiff a total of $32,000.00, which is $31,527.00 above the allowed amount. *See* **Exhibit H**, attached hereto.

128.    Pursuant to the NSA, the determination of the arbitration award under DISP-2798987 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

129.    Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

130.    However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was June 21, 2025.

131.    As of the date of this Complaint, more than 117 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

132.    For DISP-2798987, Defendant has failed to pay $31,527.00 which is currently due and owing.

**PATIENT T.M.: DISP-2798988**

133.    Additionally, on November 15, 2024, Dr. Shareef Jandali, MD, owner and principal of Plaintiff, provided medical treatment for a patient identified as Patient T.M. at Yale New Haven Health Bridgeport Hospital in Bridgeport, CT.

134.    At the time of treatment, Patient T.M. was the beneficiary of a health plan issued and/or administered by Defendant.

135.    After treating Patient T.M., Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current Procedural Terminology ("CPT") code 11772 in the amount of $19,000.00.

136.    In response to Plaintiff's HCFA, Defendant allowed payment of $326.55.

137.    As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

138.    However, since the services were rendered emergently/inadvertently, Patient T.M.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

139.    In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed payment determination of $326.55.

140.    Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

141.    Plaintiff initiated such arbitration as called for by the NSA.

142.    On May 22, 2025, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-2798988, awarding Plaintiff a total of $11,384.93, which is $11,058.38 above the allowed amount. *See* **Exhibit I**, attached hereto.

143.    Pursuant to the NSA, the determination of the arbitration award under DISP-2798988 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

144.    Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

145.    However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was June 21, 2025.

146.    As of the date of this Complaint, more than 117 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

147.    For DISP-2798988, Defendant has failed to pay $11,058.38 which is currently due and owing.

**PATIENT A.R.: DISP-1116741**

148. On March 8 2023, Dr. Shareef Jandali, MD, owner and principal of Plaintiff, provided medical treatment for a patient known as A.R. ("Patient A.R.") at Yale New Haven Health Bridgeport Hospital in Bridgeport, CT.

149. At the time of treatment, Patient A.R. was the beneficiary of a health plan issued and/or administrated by Defendant.

150. After treating Patient A.R., Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current Procedural Terminology ("CPT") code 19350 in the amount of $18,480.00.

151. In response to Plaintiff's HCFA, Defendant allowed payment of $715.21.

152. As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

153. However, since the services were rendered emergently/inadvertently, Patient A.R.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

154. Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

155. In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed payment determination of $715.21.

156. Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which

the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

157.   Plaintiff initiated such arbitration as called for by the NSA.

158.   On May 30, 2025, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-1116741, awarding Plaintiff a total of $18,480.00, which is $17,764.79 above the allowed amount. *See* **Exhibit J**, attached hereto.

159.   Pursuant to the NSA, the determination of the arbitration award under DISP-1116741 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

160.   Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

161.   However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was June 29, 2025.

162.   As of the date of this Complaint, more than 95 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

163.   For DISP-1116741, Defendant has failed to pay $17,764.79 which is currently due and owing.

**PATIENT A.R.: DISP-1599569**

164.   On June 28, 2023, Brielle Rossomando, PA, employee of Plaintiff, provided medical treatment for a patient known as A.R. ("Patient A.R.") at Yale New Haven Health Bridgeport Hospital in Bridgeport, CT.

165.   At the time of treatment, Patient A.R. was the beneficiary of a health plan issued and/or administered by Defendant.

166.    After treating Patient A.R., Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current Procedural Terminology ("CPT") code 19342 in the amount of $25,000.00.

167.    In response to Plaintiff's HCFA, Defendant allowed payment of $136.70.

168.    As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

169.    However, since the services were rendered emergently/inadvertently, Patient A.R.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.
In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed payment determination of $136.70.

170.    Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

171.    Plaintiff initiated such arbitration as called for by the NSA.

172.    On December 23, 2024, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-1599569, awarding Plaintiff a total of $18,750.00, which is $18,613.30 above Defendant's allowed payment. *See* **Exhibit K**, attached hereto.

173.    Pursuant to the NSA, the determination of the arbitration award under DISP-1599569 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

174.    Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

175.    However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was January 22, 2025.

176.    As of the date of this Complaint, more than 284 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

177.    For DISP-1599569, Defendant has failed to pay $18,613.30 which is currently due and owing.

**PATIENT C.R.: DISP-1348586**

178.    On June 21, 2023, Dr. Shareef Jandali, MD, owner and principal of Plaintiff, provided medical treatment for a Patient C.R. ("Patient C.R.") at Yale New Haven Health Bridgeport Hospital in Bridgeport, CT.

179.    At the time of treatment, Patient C.R. was the beneficiary of a health plan issued and/or administered by Defendant.

180.    After treating Patient C.R., Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current Procedural Terminology ("CPT") code 19318-50 in the amount of $27,338.85.

181.    In response to Plaintiff's HCFA, Defendant allowed payment of $169.29.

182.    As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

183. However, since the services were rendered emergently/inadvertently, Patient C.R.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

184. Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

185. In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed payment determination of $169.29.

186. Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

187. Plaintiff initiated such arbitration as called for by the NSA.

188. On May 6, 2025, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-1348586, awarding Plaintiff a total of $23,238.00, which is $23,068.71 above the allowed payment amount . *See* **Exhibit L**, attached hereto.

189. Pursuant to the NSA, the determination of the arbitration award under DISP-1348586 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

190. Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

191.    However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was June 5, 2025.

192.    As of the date of this Complaint, more than 150 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

193.    For DISP-1348586, Defendant has failed to pay $23,068.71 which is currently due and owing.

**PATIENT C.R.: DISP-1599709**

194.    Additionally on June 21, 2023, Shelby Finan, PA, employee of Plaintiff, provided medical treatment for Patient C.R. ("Patient C.R.") at Yale New Haven Health Bridgeport Hospital in Bridgeport, CT.

195.    At the time of treatment, Patient C.R. was the beneficiary of a health plan issued and/or administered by Defendant.

196.    After treating Patient C.R., Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current Procedural Terminology ("CPT") code 19318-50 in the amount of $55,900.00.

197.    In response to Plaintiff's HCFA, Defendant allowed payment of $0.00.

198.    As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

199.    However, since the services were rendered emergently/inadvertently, Patient C.R.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

200.    Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

201.    In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed payment determination of $0.00.

202.    Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

203.    Plaintiff initiated such arbitration as called for by the NSA.

204.    On May 21, 2025, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-1599709, awarding Plaintiff a total of $55,900.00. *See* **Exhibit M**, attached hereto.

205.    Pursuant to the NSA, the determination of the arbitration award under DISP-1599709 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

206.    Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

207.    However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was June 20, 2025.

208.    As of the date of this Complaint, more than 134 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

209.    For DISP-1599709, Defendant has failed to pay $55,900.00 which is currently due and owing.

**PATIENT P.O.: DISP-2792208**

210.    On November 14, 2024, Dr. Shareef Jandali, MD, owner and principal of Plaintiff, provided medical treatment for a Patient P.O. ("Patient P.O.") at Yale New Haven Health Bridgeport Hospital in Bridgeport, CT.

211.    At the time of treatment, Patient P.O. was the beneficiary of a health plan issued and/or administrated by Defendant.

212.    After treating Patient P.O. Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current Procedural Terminology ("CPT") code 19316 in the amount of $45,000.00.

213.    In response to Plaintiff's HCFA, Defendant allowed payment of $1,734.15.

214.    As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

215.    However, since the services were rendered emergently/inadvertently, Patient P.O.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

216.    Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

217.    In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed payment determination of $1,734.15.

218.    Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

219.    Plaintiff initiated such arbitration as called for by the NSA.

220.    On May 16, 2025, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-2792208, awarding Plaintiff a total of $45,000.00, which is $43,265.85 above Defendant's allowed payment. *See* **Exhibit N**, attached hereto.

221.    Pursuant to the NSA, the determination of the arbitration award under DISP-2792208 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

222.    Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

223.    However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was June 15, 2025.

224.    As of the date of this Complaint, more than 140 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

225.    For DISP-2792208, Defendant has failed to pay $43,265.85 which is currently due and owing.

**PATIENT M.V.: DISP-1727813**

226.    On August 2, 2022, Dr. Shareef Jandali, MD, owner and principal of Plaintiff, provided medical treatment for a Patient M.V. ("Patient M.V.") at Yale New Haven Health Bridgeport Hospital in Bridgeport, CT.

227.    At the time of treatment, Patient M.V. was the beneficiary of a health plan issued and/or administrated by Defendant.

228.    After treating Patient M.V. Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current Procedural Terminology ("CPT") code 14301 in the amount of $32,000.00.

229.    In response to Plaintiff's HCFA, Defendant allowed payment of $846.77.

230.    As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

231.    However, since the services were rendered emergently/inadvertently, Patient M.V.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

232.    Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

233.    In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed payment determination of $846.77.

234.    Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

235.    Plaintiff initiated such arbitration as called for by the NSA.

236.    On May 21, 2025, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-1727813, awarding Plaintiff a total of $27,200.00, which is $26,353.23 above Defendant's allowed payment. *See* **Exhibit O**, attached hereto.

237.    Pursuant to the NSA, the determination of the arbitration award under DISP-1727813 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

238.    Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

239.    However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was June 20, 2025.

240.    As of the date of this Complaint, more than 135 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

241.    For DISP-1727813, Defendant has failed to pay $26,353.23 which is currently due and owing.

242.    Accordingly, Plaintiff has been damaged in the total amount of $379,406.23 and continues to suffer damages in the operation of its medical practice.

## COUNT ONE

### PLAINTIFF SEEKS RELIEF IN ACCORDANCE WITH 9 U.S. CODE § 9

243.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 242 of the Complaint as though fully set forth herein.

244.    The FAA, 9 U.S. CODE § 9, provides that, if the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made,

any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order.

245.   In this case, while the parties do not have an agreement that a judgment of the court shall be entered upon the arbitration award at issue, the binding arbitration award was issued pursuant to the Federal No Surprises Act. 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

246.   Indeed, Federal courts, including this District, have affirmed their authority to confirm arbitration awards issued pursuant to the NSA under the FAA, 9 U.S.C. § 9. *See, e.g.*, *Guardian Flight LLC v. Aetna Life Ins. Co*, No. 3:24-cv-00680-MPS, 2025 WL 1399145 (D. Conn. May 14, 2025) (holding that "Congress did show, both through the plain language of the NSA and the legislative intent, that the NSA includes a private right of action because the law mandates payment of the arbitration awards."); *GPS of New Jersey M.D., P.C. v. Horizon Blue Cross & Blue Shield*, No. CV226614KMJBC, 2023 WL 5815821 (D.N.J. Sept. 8, 2023) (granting Horizon Blue Cross & Blue Shield's cross-motion to confirm an NSA entity award under 9 U.S.C. § 9 because the language of the NSA indicates the NSA award is "final and binding" and, by invoking Section 10(a) of the Federal Arbitration Act, the NSA "gives the court the authority to confirm the award").

247.   It is against equity and good conscience to deprive Plaintiff of a remedy to enforce a "binding" arbitration award issued in accordance with federal law.

248.   Accordingly, Plaintiff brings this action for an Order confirming the following arbitration awards:

      a.    DISP-1702427

      b.    DISP-1702430

      c.    DISP-2888432

      d.    DISP-2798798

e.      DISP-2798799

f.      DISP-2798801

g.      DISP-2798986

h.      DISP-2798987

i.      DISP-2798988

j.      DISP-1116741

k.      DISP-1599569

l.      DISP-1348586

m.      DISP-1599709

n.      DISP-2792208

o.      DISP-1727813

## COUNT TWO

## VIOLATION OF THE FEDERAL NO SURPRISES ACT REGARDING THE NON-PAYMENT OF A BINDING AWARD

249.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 248 of the Complaint as if fully set forth herein.

250.    Under the NSA, a party is permitted to initiate the federal arbitration process called for by the Act if the parties are unable to agree on a payment rate during the NSA's negotiation period. 42 U.S.C. § 300gg-111(c)(1-5).

251.    In the instant case, the parties were unable to agree on the out-of-network rate for the services provided, and the parties therefore proceeded to arbitration as called for the NSA.

252.    EdiPhy Advisors, L.L.C., the certified independent dispute resolution ("CIDR") entity assigned to DISP-1702427 awarded Plaintiff $31,500.00 on December 13, 2024.

253.    Medical Evaluators of Texas, the CIDR entity assigned to DISP-1702430 awarded Plaintiff $8,500.00 on April 11, 2025.

254.    Maximus Federal Services, Inc., the CIDR entity assigned to DISP-2888432 awarded Plaintiff $7,145.00 on May 30, 2025.

255.    Maximus Federal Services, Inc., the CIDR entity assigned to DISP-2798798 awarded Plaintiff $32,000.00 on May 16, 2025.

256.    Maximus Federal Services, Inc., the CIDR entity assigned to DISP-2798799 awarded Plaintiff $32,000.00 on May 23, 2025.

257.    Maximus Federal Services, Inc., the CIDR entity assigned to DISP-2798801 awarded Plaintiff $11,384.93.00 on May 29, 2025.

258.    Maximus Federal Services, Inc., the CIDR entity assigned to DISP-2798986 awarded Plaintiff $32,000.00 on May 22, 2025.

259.    Maximus Federal Services, Inc., the CIDR entity assigned to DISP-2798987 awarded Plaintiff $32,000.00 on May 22, 2025.

260.    Maximus Federal Services, Inc., the CIDR entity assigned to DISP-2798988 awarded Plaintiff $11,384.93 on May 22, 2025.

261.    Federal Hearings and Appeals Services, Inc., the CIDR entity assigned to DISP-1116741 awarded Plaintiff $18,480.00 on March 19, 2025.

262.    Federal Hearings and Appeals Services, Inc., the CIDR entity assigned to DISP-1599569 awarded Plaintiff $18,750.00 on December 23, 2024.

263.    Network Medical Review Company, Ltd., the CIDR entity assigned to DISP-1348586 awarded Plaintiff $23,238.00 on May 6, 2025.

264.    EdiPhy Advisors, L.L.C., the CIDR entity assigned to DISP-1599709 awarded Plaintiff $55,900.00 on May 21, 2025.

265.    Maximus Federal Services, Inc., the CIDR entity assigned to DISP-2792208 awarded Plaintiff $45,000.00 on May 16, 2025.

266.    Network Medical Review Company, Ltd., the CIDR entity assigned to DISP-1727813 awarded Plaintiff $27,200.00 on May 21, 2025.

267.    According to the NSA, Defendant had thirty (30) days to remit the arbitration payment to Plaintiff. 42 U.S.C. § 300gg-111(c)(6).

268.    Defendant failed to make the payment within thirty (30) days and, as of the date of the filing of this Complaint, Defendant has failed to remit the arbitration payment to Plaintiff.

269.    As such, Defendant has failed to comply with the requirements of the NSA.

270.    Accordingly, due to Defendant's failure to comply with the NSA's requirements, Plaintiff has been damaged in the total amount of $379,406.23.

## CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.      For an Order confirming the arbitration award issued under DISP-1702427;

b.      For an Order confirming the arbitration award issued under DISP-1702430;

c.      For an Order confirming the arbitration award issued under DISP-2888432;

d.      For an Order confirming the arbitration award issued under DISP-2798798;

e.      For an Order confirming the arbitration award issued under DISP-2798799;

f.      For an Order confirming the arbitration award issued under DISP-2798801;

g.      For an Order confirming the arbitration award issued under DISP-2798986;

h.      For an Order confirming the arbitration award issued under DISP-2798987;

i.      For an Order confirming the arbitration award issued under DISP-2798988;

j.      For an Order confirming the arbitration award issued under DISP-1116741;

k.      For an Order confirming the arbitration award issued under DISP-1599569;

l.      For an Order confirming the arbitration award issued under DISP-1348586;

m.      For an Order confirming the arbitration award issued under DISP-1599709;

n.      For an Order confirming the arbitration award issued under DISP-2792208;

o.      For an Order confirming the arbitration award issued under DISP-1727813;

p.      For an Order directing Defendant to pay Plaintiff $379,406.23;

q.      For attorney's fees, interest, and costs of suit; and

r.      For such other and further relief as the Court may deem just and equitable.

Dated:  November 3, 2025
      Madison, Conn.

                                          **MERIN LAW, LLC**
                                          *Attorneys for Plaintiff*

By:    /s/ Clifford A. Merin, Esq., 29863
        Clifford A. Merin
        **Merin Law, LLC**
        51 Elm Street, Suite 409
        New Haven, CT 06510
        475.321.4101
        clifford@merinlaw.com